ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ
Assistant United States Attorney
SBN 229637
 Room 7211, Federal Building
 300 North Los Angeles Street
 Los Angeles, California 90012
 Telephone: (213) 894-2729
 Facsimile: (213) 894-0115
 Email: valerie.makarewicz@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE GLOBAL INFORMATION, INC. et al., <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. CV 09-9384 GHK (FFMx) <br><br> REPLY TO PETITIONER'S OBJECTION TO MOTION TO DISMISS PETITION TO QUASH IRS THIRD PARTY SUMMONS <br><br> Motion Hearing: <br> Date: June 7, 2010 <br> Time: 9:30 a.m. <br> Ctrm: 650, Roybal Federal Building <br>      255 E. Temple Street <br>      Los Angeles, CA 90012 |

Respondent, the UNITED STATES OF AMERICA, hereby replies to petitioners' reply[1] to respondent's Motion to Dismiss Petition to Quash IRS Third

---

[1] Petitioners filed their opposition to Respondent United States of America's Motion to Dismiss as a reply. Respondent United States of America will treat such filing by petitioners as an opposition and hereby files its reply pursuant to Local Rule 7-10.

1

Party Summons, filed on May 12, 2010. <u>See</u> Docket No. 15.

**A. All Administrative Procedures Have Been Followed by the IRS.**

Petitioners allege that the IRS is required to serve both Hanmi Bank and the petitioners with an attested copy of the summons. Petitioners allege that 26 U.S.C. § 7603, as well as the holdings of <u>Henderson v. United States</u>, 778 F.Supp. 274, 277 (D. S.C. 1991), and <u>United States v. Mimick</u>, 952 F.2d 230 (8th Cir. 1991), support their allegations. Petitioners are wrong.

Petitioners stop short in their reading of 26 U.S.C. § 7603 and its requirements in serving attested copies of the IRS summonses. Such section states, in pertinent part, that a summons issued under 26 U.S.C. § 7602 shall be served by the Secretary, by an attested copy <u>delivered to the person to whom it is directed</u>. The statute does not state that the person identified in the summons as being under investigation (i.e. petitioners) is entitled to an attested copy of the summons. Under 26 U.S.C. § 7609, the person identified in the summons as being under investigation is entitled to notice of its issuance, but neither 26 U.S.C. §§ 7609 nor 7609 state that such person is entitled to an attested copy of the summons.

Just as required under 26 U.S.C. § 7603(a), Revenue Agent Nguyen served the attested copy of the summons on Hanmi Bank, the party to whom the summons was directed. Simultaneously, Nguyen sent petitioners the required notice under Section 7609 as evidenced by the Service of Summons, Notices, and Recordkeeper Certificates. <u>See</u> Nguyen Decl., ¶¶ 5, 6; Ex. B and C. Nguyen gave petitioners all the notice she was required to give them by statute; notice of issuing the summons, a copy of the summons, and instructions on how to prepare a petition to quash. <u>See</u> Nguyen Decl., ¶ 6, Ex. A and B. Under 26 U.S.C. § 7603(a), Nguyen was not required to send petitioners a copy of the summons that contained the attestation clause because they are not the parties to whom the summons is directed. The attested copy of the subject summons was sent by Nguyen to Hanmi Bank, the

2

entity to whom the summons was directed.

Petitioners misconstrue the holdings of <u>Henderson v. United States</u>, 778 F.Supp. 274, 277 (D. S.C. 1991), and <u>United States v. Mimick</u>, 952 F.2d 230 (8th Cir. 1991).

In <u>Mimick</u>, the IRS issued 3 summonses to request information, one to the taxpayer, and two to financial institutions. The taxpayers moved to quash <u>only</u> the summonses that were issued and directed to the financial institutions, <u>not</u> the summons that was issued and directed to the taxpayers. Because the IRS did not serve an attested copy of the summonses to the financial institutions, the parties to whom the summons was directed, the Court correctly quashed the two summonses. Contrary to petitioners assertions otherwise, no where in the <u>Mimick</u> decision does the Eighth Circuit state that the attested copy of the summons be served on <u>both</u> the party to whom the summons is addressed (i.e. the financial institution) <u>and</u> to the party for whom the IRS is investigating (i.e. the taxpayer).

The Court's holding in <u>Henderson</u> is exactly the same as the holding in <u>Mimick</u>, and therefore, is wholly inapplicable to this case. In <u>Henderson</u>, again, third party summonses were issued and directed to financial institutions. Several of the subject summonses issued to these institutions did not contain the attestation clause. Therefore, the Court correctly quashed these summonses, as they did not comply with 26 U.S.C. § 7603.

The situations in <u>Mimick</u> and <u>Henderson</u> are not like the present case. In those cases, the summonses were quashed because the summons were not attested, but nonetheless, were served upon the party to whom they were directed.  Here, the attested copy <u>was</u> served to the party to whom the summons is directed, Hanmi Bank. <u>See</u> Nguyen Decl., ¶¶ 5, 6; Ex. B and C. At no point in either <u>Mimick</u> or <u>Henderson</u> do the Courts hold that, under 26 U.S.C. § 7603, in addition to serving an attested copy of the summons upon the party to whom the summons is directed, the IRS is required to serve an attested copy of the summons upon the party being

3

1  investigated. Petitioners received exactly what 26 U.S.C. § 7609 requires the IRS
2  to provide to them; the required notice of the issuance of the summons, a copy of
3  the summons, and information about how to file a petition to quash.

4  **B. The subject summons is not a "John Doe" summons.**

5        Petitioners allege that the subject summons is invalid because it requests
6  banking records for accounts allegedly not owned by petitioners or entities owned
7  by petitioners. Petitioners argue that the IRS is required to follow additional
8  procedures prescribed by 26 U.S.C. § 7609(f). The "John Doe" summons
9  procedures under 26 U.S.C. § 7609(f) do not apply in this situation.

10       Under 26 U.S.C. § 7602, the IRS has broad powers to examine any books,
11 papers, records, or other data which may be relevant to investigating a person's
12 compliance with internal revenue laws. If the IRS wishes to examine the tax
13 liabilities of unnamed or unknown taxpayers, it may issue a "John Doe" summons
14 to a third party who possesses the information necessary to identify the unnamed
15 taxpayers. Under 26 U.S.C. § 7609(f), any summons which does not identify the
16 person with respect to whose liability the summons is issued may be served only
17 after the District Court determines (in an ex parte proceeding) that the IRS has
18 met all of the requirements of 26 U.S.C. § 7609(f).

19       26 U.S.C. § 7609(f) does not apply to the summons issued here, since the
20 summons <u>does</u> identify the entity with respect to whose liability the summons was
21 issued. The subject summons clearly states that it was issued regarding the
22 Korean Income tax liability of the Global Information Inc. <u>See</u> Exhibit A.
23 Therefore, by definition, the subject summons is not a "John Doe" summons under
24 26 U.S.C. § 7611. <u>See</u> <u>United States v. Barter Systems, Inc.</u>, 694 F.2d 163 (8th
25 Cir. 1982).

26       Petitioners cite <u>United States v. Tiffany Fine Arts, Inc.</u>, 469 U.S. 310, 105
27 S.Ct. 725 (1985) to support their argument. Such case actually supports the
28 Government's position regarding the subject summons at hand. In <u>Tiffany Fine</u>

4

1   Arts, the issue was whether the IRS must comply with the "John Doe" summons
2   procedures when it serves a summons on a named taxpayer for the dual purpose of
3   investigating both the liability of that taxpayer and the tax liabilities of other,
4   unnamed parties.  The Supreme Court held that pursuant to 26 U.S.C. § 7609(f),
5   where the IRS serves a summons on a known taxpayer (such as The Global
6   Information Inc.), with the dual purpose of investigating both the tax liability of
7   that taxpayer and the tax liabilities of unnamed parties (as asserted by petitioners),
8   the IRS need not comply with the requirements for a "John Doe" summons, as
9   long as the information sought is relevant to a legitimate investigation of the
10  summoned taxpayer.

11       Here, the Government has clearly established that the subject summons was
12  issued for a legitimate investigation of The Global Information, Inc.  The NTS
13  suspects that IGGY received commission income outside of Korea and did not
14  report it on Korean income tax returns for 2003 through 2007.  The Global
15  Information Inc. is believed to be controlled by the individual who is the major
16  shareholder of IGGY.  NTS believes that income may have been concealed in
17  bank accounts owned by petitioners.  NTS believes that the major shareholder of
18  IGGY then repatriated the concealed money to Korea though an account owned by
19  Donamdong Church.  Such shareholder of IGGY is an elder of the Donamdong
20  Church.  Two of the accounts listed in the summons have been identified by the
21  NTS as the source of suspect wire transfers from the United States to Korea.  NTS
22  has reason to believe that the third account number included in the summons was
23  used to repatriate unreported income to Korea.  See Danilack Decl., ¶ 2, 4-6.

24       Because the NTS believes that money transferred by wire from the subject
25  accounts was repatriated as unreported income to Korea, the details of ownership
26  of the account, as well as the other information requested by the summons is
27  relevant and material to the NTS investigation of the petitioners, as required by 26
28  U.S.C. § 7602 and Tiffany Fine Arts.  The IRS is authorized under 26 U.S.C. §

5

7602 to summons the information on behalf of the NTS for the purpose of furthering NTS's tax investigation of petitioners, despite the fact that the subject summons did not name the account holder. Moreover, the IRS is not required to comply with the requirements of "John Doe" summonses set out in 26 U.S.C. § 7609(f), because the information sought is relevant to a legitimate investigation of the summoned taxpayer, The Global Information Inc.

**C. The IRS has not violated any rules regarding issuing a summons to a church.**

Petitioners argue that because Donamdong Church was identified in the subject summons, the IRS is required to proceed under 26 U.S.C. § 7611 to examine any records of said church. Petitioners are wrong.

26 U.S.C. § 7611 affords churches special protections in the audit context. The IRS may initiate a church tax inquiry only if certain procedural requirements are met. After an inquiry has been validly initiated, the IRS may examine church records to the extent necessary to determine liability. 26 U.S.C. § 7611(b)(1)(A). Likewise, the IRS may examine religious activities to the extent necessary to determine whether the organization claiming to be a church is a church for any period. 26 U.S.C. § 7611(b)(1)(B).

The church inquiry and examination procedures described in 26 U.S.C. § 7611 do not apply to any inquiry or examination relating to the tax liability of any person other than a church, which is the situation at hand. See Treas. Reg. § 301.7611-1. Inquires or examinations which are outside the scope of the procedures of Section 7611 (therefore conducted without application of the procedures) are limited to the determination of facts and circumstances specifically relating to the tax liabilities of the individuals or other organizations in question. Id. For example, in a case against an individual or other organization, information may be requested or church records examined, if pertinent, regarding amounts of money, property or services transferred to the individual in question,

1  the use of church funds for personal expenses, or other similar matters, without
2  having to follow the church tax inquiry and examination procedures. Id.

3  The IRS is not investigating Donamdong Church for any of the reasons
4  enumerated in 26 U.S.C. § 7611, which would afford the church the special
5  protection under said statute. The subject summons was issued to further the
6  NTS's investigation into the Korean income tax liability of The Global
7  Information Inc., not for any investigation the NTS may have with respect to
8  Donamdong Church. NTS believes that the major shareholder of IGGY
9  repatriated concealed money to Korea though an account owned by Donamdong
10 Church. Such shareholder of IGGY is an elder of the Donamdong Church. Two
11 of the accounts listed in the summons have been identified by the NTS as the
12 source of suspect wire transfers from the United States to Korea. NTS has reason
13 to believe that the third account number included in the summons was used to
14 repatriate unreported income to Korea. See Danilack Decl., ¶ 2, 4-6. For these
15 reasons, the IRS is not required to follow the church tax inquiry and examination
16 procedures enumerated un 26 U.S.C. § 7611.

## V. CONCLUSION

For all of the above reasons, and those stated in the Motion to Dismiss, the Court should grant this Motion, and dismiss the Petition to Quash.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATED: 5/17/10

/s/ Valerie L. Makarewicz
VALERIE L. MAKAREWICZ
Assistant United States Attorney
Attorney for the United States of America